71664. WILLIAMS et al. v. PATEL et al.
(347 SE2d 337)

BANKE, Chief Judge.

The appellants sued to recover actual and punitive damages for intentional trespass, assault, battery, invasion of privacy, breach of contract, and intentional infliction of emotional distress, based on certain events which allegedly transpired while they were staying at a motel owned by the appellees. The appellees asserted a counterclaim based on the following material allegations: "The [appellants] have filed this action which is frivolous and unfounded in law and fact in an effort to cause defendants unnecessary trouble and expense and to generate a bad publicity and impune (sic) the business reputation of [appellees]. The conduct of the [appellants] and the filing and prosecution of this action constitutes a malicious abuse and a malicious use of process for which the plaintiffs are legally liable to [appellees]." The appellants moved for partial summary judgment with respect to

these allegations, contending that they did not state a cause of action which could be asserted by counterclaim in the present case. The trial court denied the motion, and we granted the appellants' application for an interlocutory appeal. *Held*:

In the recent case of *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414), the Georgia Supreme Court redefined and consolidated the previously existing causes of action for malicious use and abuse of process, holding as follows: "Any party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party who suffers damage thereby.

"The term 'lacks substantial justification' shall be understood to signify conduct which is substantially frivolous, substantially groundless, or substantially vexatious." Id. at 96.

The Court further ruled that the "re-defined claim relative to abusive litigation" must be asserted as a compulsory counterclaim or compulsory additional claim pursuant to OCGA § 9-11-13 (a), but that the adjudication of the claim would be deferred, by bifurcation, until after the disposition of the underlying action. Id. at 96. Accordingly, the order of the trial court in the present case denying the appellants' motion for summary judgment with respect to the appellee's counterclaim is affirmed.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 1, 1986.

*Kevin Silvey*, for appellants.
*Kenneth D. Bruce, Ronald Womack, Robert C. Semler*, for appellees.